UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ALBAN META,<br><br>            Petitioner,<br><br>    v.<br><br>_____, Warden,<br><br>            Respondent. | No. CV 08-2122-PA (AGR)<br><br>ORDER TO SHOW CAUSE WHY PETITION FOR WRIT OF HABEAS CORPUS SHOULD NOT BE DISMISSED WITHOUT PREJUDICE |

On March 31, 2008, Petitioner filed a petition for writ of habeas corpus by a person in state custody pursuant to 28 U.S.C. § 2254 ("Petition"). The Petition does not state a single ground for federal habeas relief in response to Question 10. (Petition at 5.) In addition, the Petition does not name the warden as Respondent in the caption. (Petition at 1.)

For the reasons discussed below, the Court orders Petitioner to show cause, on or before **May 7, 2008**, why this Court should not recommend dismissal without prejudice.

///

///

///

**I.**

**FAILURE TO STATE A SINGLE GROUND FOR FEDERAL HABEAS RELIEF**

The Petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Therefore, the Court applies the AEDPA in reviewing the petition.  *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA expressly provides that a federal court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody ***in violation of the Constitution or laws or treaties of the United States***."  28 U.S.C. § 2254(a) (emphasis added).

A petition for writ of habeas corpus brought by a person in state custody "shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State; or (b)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).  Exhaustion requires that Petitioner's contentions be fairly presented to the state's highest court, in this case the California Supreme Court.  *James v. Borg*, 24 F.3d 20, 24 (9th Cir.), *cert. denied*, 513 U.S. 935 (1994).   Petitioner bears the burden of demonstrating that he described to the California Supreme Court both the operative facts and the federal legal theory on which his claim is based.  *Duncan v. Henry*, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995).

Federal habeas corpus relief "shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim – (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Question 10 of the Petition states: "State concisely every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground." (Petition at 5.) In response, Petitioner left Question 10 blank and did not state a single ground for federal habeas relief. (*Id.*)

***Accordingly, if Petitioner does not respond to this Order to Show Cause, the Magistrate Judge will recommend that the Petition be dismissed without prejudice.***

A dismissal "without prejudice" would have the following consequences. In the event that the California Supreme Court denies relief, a new federal habeas petition filed by Petitioner would not be barred as a second or "successive" petition. *See Burton v. Stewart*, 127 S. Ct. 793, 798, 166 L. Ed. 2d 628 (2007).

***However, Petitioner is cautioned that a future federal habeas petition would be subject to the one-year statute of limitations in 28 U.S.C. § 2244(d).*** The one-year period starts either when a conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) or on a date set in § 2244(d)(1)(B)-(D).

## II.

## JURISDICTION OVER PETITIONER'S WARDEN

A petitioner for habeas corpus relief must name "'the state officer having custody of him or her as the respondent to the petition.'" *Smith v. Idaho*, 392 F.3d 350, 354 (9th Cir. 2004) (citation omitted); *see* Rule 2(a) of the Rules Governing Section 2254 Cases. The respondent typically is the Warden of the facility in which the petitioner is incarcerated. *Smith*, 392 F.3d at 354.

"'[F]ailure to name the petitioner's custodian as a respondent deprives federal courts of personal jurisdiction' over the custodian." *Id.* at 354-55 (citation and footnote omitted). Here, Petitioner has not named anyone as the respondent.

***Accordingly, if Petitioner does not respond to this Order to Show Cause, the Magistrate Judge will recommend that the Petition be dismissed without***

1  *prejudice.* The consequences of a dismissal without prejudice have the same
2  consequences described above under Part I.

### III.

### ORDER TO SHOW CAUSE

IT IS THEREFORE ORDERED that, on or before **May 7, 2008**, Petitioner shall show cause, if there be any, why this Court should not recommend dismissal without prejudice. Petitioner has the following options:

Option A: Petitioner may lodge a document entitled First Amended Petition that states a ground for federal habeas relief and identifies, in the caption, the name of the Warden having custody of Petitioner. The First Amended Petition shall be complete in and of itself, shall not refer to or incorporate any prior pleading, and shall be a separate document. The Clerk is directed to enclose a blank Petition for Writ of Habeas Corpus by a Person in State Custody. Under this option, Petitioner must also add the words "First Amended" to the title on the form.

Option B: Petitioner may ask this Court to voluntarily dismiss the entire Petition filed in this Court. The Clerk is directed to provide Petitioner with a blank form for a voluntary dismissal.

Petitioner is cautioned that *if Petitioner does not respond to this Order to Show Cause, the Magistrate Judge will recommend that the Petition be dismissed without prejudice.*

DATED: April 7, 2008

_____
ALICIA G. ROSENBERG
UNITED STATES MAGISTRATE JUDGE

4