FILED - WESTERN DIV.
CLERK, U.S. DIS[T. CT.]

DEC 10 2008

CENTRAL DISTRICT OF CAL[IF.]
BY ___

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| ALBAN META, | No. CV 08-2122-PA (AGR) |
|     Petitioner, | |
| v. | ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION |
| TOM FELKER, | |
|     Respondent. | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the entire file de novo, including the magistrate judge's Report and Recommendation. The Court agrees with the recommendation of the magistrate judge and adopts the Report and Recommendation.

IT IS ORDERED that (1) Respondent's motion to dismiss is granted in part and Ground Five is dismissed without prejudice; and (2) Respondent's motion to dismiss Grounds One through Four is denied.

DATED: 12/8/08

PERCY ANDERSON
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBAN META,<br>    Petitioner,<br>    v.<br>TOM FELKER,<br>    Respondent. | NO. CV 08-2122-PA (AGR)<br><br>REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

The Court submits this Report and Recommendation to the Honorable Percy Anderson, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order No. 05-07 of the United States District Court for the Central District of California. For the reasons set forth below, the Magistrate Judge recommends that Respondent's Motion to Dismiss be granted in part and denied in part, and that Ground Five of the Petition for Writ of Habeas Corpus be dismissed without prejudice.

///
///
///
///

I.

## SUMMARY OF PROCEEDINGS

On December 15, 2004, a Los Angeles County Superior Court jury convicted Petitioner of murder and found true that he personally used a knife in the commission of the offense. (Lodged Document ("LD") 1 at 260.) On May 6, 2005, the court sentenced Petitioner to 25 years to life plus one year. (First Amended Petition ("Petition") at 2.) On December 14, 2006, the California Court of Appeal affirmed the conviction in a written decision. (LD 7.) On February 21, 2007, the California Supreme Court denied review without explanation. (LD 10.) Petitioner filed no habeas petitions in California. (Petition at 3.)

On April 28, 2008, Petitioner filed a first amended petition for writ of habeas corpus by a person in state custody pursuant to 28 U.S.C. § 2254 in this Court in which he raised five grounds: (1) inadmissible expert testimony; (2) Fifth Amendment violation; (3) inadmissible use of Petitioner's statements at a mental competency exam; (4) ineffective assistance of trial counsel; and (5) mental instability or insanity. (Petition at 5-6.)

On July 28, 2008, Respondent filed a motion to dismiss. (Dkt. No. 11.) Petitioner had 30 days to file an opposition (August 28, 2008). (Dkt. No. 5 ¶ 4.) Petitioner did not file an opposition. On September 12, 2008, the Court ordered Petitioner to file an opposition by October 3, 2008. The Court advised Petitioner that his failure to do so may be construed as consent to the motion to dismiss and may result in dismissal of the action. The Court also advised Petitioner that the matter would be deemed submitted on October 4, 2008.

Petitioner did not file an opposition.

This matter was taken under submission and is now ready for decision.

///
///
///

## II.

## DISCUSSION

Respondent's motion to dismiss has three bases: (1) Petitioner has not supported his grounds with facts; (2) none of the grounds presents a federal question; and (3) all of the grounds are unexhausted.

### A. GROUNDS ONE THROUGH FOUR

The AEDPA provides that a petition for writ of habeas corpus brought by a person in state custody "shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State; or (b)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

Exhaustion requires that Petitioner's contentions be fairly presented to the state's highest court, in this case the California Supreme Court. *James v. Borg*, 24 F.3d 20, 24 (9th Cir.), *cert. denied*, 513 U.S. 935 (1994). Petitioner has the burden of demonstrating that he described to the California Supreme Court both the operative facts and the federal legal theory on which his claim is based. *Duncan v. Henry*, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995).

According to the petition presented to the California Supreme Court (LD 9) by Petitioner, Petitioner was arrested for murder on February 26, 1999. (LD 9 at 3.) He was convicted over five years later, in December of 2004. (*Id.*) In between, his mental state was evaluated by ten psychiatric experts. (*Id.*) Three times, he was found incompetent to stand trial. (*Id.*) Two of the ten experts (Rothberg and Osborn) evaluated Petitioner's sanity at the time of the murder. (*Id.*) Rothberg also evaluated Petitioner's competence to stand trial. (*Id.* at 4.) Rothberg testified during the guilty and sanity phases of Petitioner's trial. (*Id.*) Osborn testified during only the sanity phase. (*Id.*) Both testified as to

statements made by Petitioner to the ten psychiatric experts. (*Id.*) According to Petitioner, those statements were not admissible. (*Id.*) Petitioner argued that the statements were inadmissible as a violation of the Fifth Amendment. (*Id.* at 9-10 (citing to *Estelle v. Smith*, 451 U.S. 454, 466-69).) Petitioner also argued that his trial counsel was ineffective for failing to object to the admission of Osborn's testimony during the sanity phase. (*Id.* at 16.)

In Ground One, Petitioner contends that expert testimony was improperly admitted during the guilt and sanity phases of his trial. In Ground Two, he contends his Fifth Amendment rights were violated. In Ground Three, he contends that the use of his statements to the doctors during his competency exams was unconstitutional. Construing the petition liberally (*see Maleng v. Cook*, 490 U.S. 488, 493, 109 S. Ct. 1923, 104 L. Ed. 2d 540 (1989), Petitioner's first three grounds were exhausted before the California Supreme Court. These grounds state a federal question and have sufficient facts at this stage of the proceedings for Respondent to address the issues in an answer.[1]

In Ground Four, Petitioner contends that his trial counsel was ineffective for failing to object to the expert testimony about Petitioner's statements. As described above, Ground Four was exhausted before the California Supreme Court. It states a federal question and has sufficient facts at this stage of the proceeding for Respondent to address the issues in an answer.

## B. GROUND FIVE

"It is axiomatic that only constitutional claims are cognizable on federal habeas." *Gonzalez v. Knowles*, 515 F.3d 1006, 1012 (9th Cir. 2008). "[A] district court shall entertain an application for a writ of habeas corpus in behalf of a

---

[1] The Central District form used by Petitioner instructs a petitioner to only "briefly" summarize the "facts" supporting each ground. (Petition at 5 (emphasis in original).) The underscoring of the word "facts" implies that the citation of legal authorities are not required. The instructions at the beginning of the form reinforce this implication. (Petition at 1 ("You do not need to cite case law").)

4

person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Ground Five is labeled "Mental instability." Under the supporting facts, Petitioner states only: "For the reason of insanity i respectfully on my behalf appellant Alban Meta that the judgment of my convivtion (sic) must be reverse." (Petition at 6.) On December 15, 2004, Petitioner was convicted of first degree murder. (Lodged Document 2 at 4.) On December 17, 2004, the jury found Petitioner was sane at the time the murder was committed. (*Id.* at 5.) Petitioner does not articulate any federal constitutional violation by the California courts, much less one that has been exhausted in the California Supreme Court.

Accordingly, Ground Five should be dismissed without prejudice.

## III.

## RECOMMENDATION

For the reasons discussed above, it is recommended that the District Court issue an Order (1) adopting this Report and Recommendation, (2) granting Respondent's motion to dismiss in part and dismissing Ground Five without prejudice; and (3) denying Respondent's motion to dismiss Ground One through Four.

DATED: October 30, 2008

                                        _____
                                             ALICIA G. ROSENBERG
                                             United States Magistrate Judge

## NOTICE

Reports and Recommendations are not appealable to the Court of Appeals, but are subject to the right of any party to file Objections as provided in the Local Rules Governing Duties of Magistrate Judges, and review by the District Judge whose initials appear in the docket number. No Notice of Appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the Judgment of the District Court.